JONES, Justice.
Appellant sued appellee in the Circuit Court of Warren County for personal injuries received when she slipped and fell because of ice on a crosswalk. After a full trial, the jury returned a verdict for the city, and we affirm.
The appellant was a policewoman employed by the city as what they called a “meter maid.” The testimony showed, and the jury was justified in believing, that her duties were the checking of cars relative to their parking, violations of parking and meter regulations, as well as any other violations; and she was also charged with looking for any obstruction, debris, or other matter on streets and walks dangerous to pedestrians using same.
The city owned a water fountain which had been in place for a number of years and was situated near the top of a hill and at the intersection of two main streets. This fountain was approximately twelve to fifteen feet high,, and was so constructed that the water which was emitted from the top fell into a basin at the bottom and was then recirculated. The water from the fountain had frozen numerous times before the occasion in question, and, as frozen, and with icicles, was regarded as an attraction, not only to the citizens of Vicksburg, but for others visiting there. Because of this the city had never followed the policy of stopping the flow of the water even in cold weather.
However, there is no evidence in the record of the water previously having been blown by the wind from the fountain over, upon, and across the crosswalk, and having there frozen.
On or about January 13, 1964, the weather had been extremely cold during the night and preceding day. Moderately strong winds had blown and water had been carried by the wind over and onto the crosswalk, where it froze. There is no proof that the city knew of the wind so having blown the water until the injury of appellant. The fountain was completely frozen with icicles from top to bottom and was easily visible for some distance.
Appellant, in the discharge of her meter and car checking, and other duties, came to said crosswalk and proceeded to cross; while at the same time looking down the hill to see if cars parked on the street, where there were no meters, were correctly parked. While so doing, and proceeding across said crosswalk, she stepped on the ice, slipped, fell, and was injured.
The city was charged with negligence in permitting the ice to be on the crosswalk. The city denied negligence and alleged that the negligence of appellant was the cause of the accident and that she was injured by failing to discover the ice as was one of her duties. The jury, as heretofore stated, returned a verdict for the city. On this appeal, error is claimed in the giving of certain instructions for the city and the refusal of one instruction for plaintiff.
*454 Under the proof, the verdict of the jury was not against the overwhelming weight of the evidence, but was justified thereby.
Affirmed.
ETHRIDGE, C. J., GILLESPIE, P. J., and BRADY and ROBERTSON, JJ., concur.